United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41283
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE ROBERTO MEJIA-MEDINA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-357-1
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Roberto Mejia-Medina (Mejia) appeals his sentence following his guilty plea conviction for illegal reentry. Mejia argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Mejia's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Mejia contends that Almendarez-Torres was incorrectly decided and that a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u> we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Mejia properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Mejia also argues that the district court reversibly erred under <u>United States v. Booker</u>, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the federal Sentencing Guidelines. The Government concedes that Mejia has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). Accordingly, Mejia's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.